IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BETTY LOU DOSSETT, | ) | 7:01CV565 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FIRST STATE BANK, | ) | |
| LOOMIS, NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion to amend her witness list (filing 158). Plaintiff seeks to add four witnesses who will testify how Plaintiff's loss of health insurance has affected her financially and emotionally. Extensive testimony regarding this topic was already presented at the first and second trials in February and May 2003, and each of the proposed witnesses is associated with a health care provider that was owed money for services rendered to Plaintiff or her husband in the year 2000. While Plaintiff argues that she should be able to supplement her evidence regarding damages, she has failed to explain why these four proposed witnesses were not listed previously.

A progression order is subject to modification under Fed. R. Civ. P. 16(b) "upon a showing of good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609 (citation omitted).

Because I find no good cause for modification of Plaintiff's witness list as incorporated into the final pretrial order, Plaintiff's motion will be denied.[1]

IT IS ORDERED that Plaintiff's motion to amend her witness list (filing 158) is denied.

DATED:  June 7, 2005.                    BY THE COURT:


                                         s/ Richard G. Kopf
                                         United States District Judge

---

[1] To the extent that Rule 16(e)'s "manifest injustice" standard may apply, as opposed to the "good cause" standard of Rule 16(b) and NECivR 16.2(a)(2)(D), I also find that Plaintiff has failed to meet this standard.  See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 775-76 & n. 15 (5th Cir. 1999) (district court did not abuse its discretion in limiting defendant on retrial to the witnesses and evidence it offered at first trial where defendant did not explain its failure to offer them at the first trial and injustice might result by requiring plaintiff to prepare for new witnesses and evidence); Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1449-50 (10th Cir. 1993) ("It is always easy in hindsight for counsel to realize there may be a better way to try a case the second time around.").